No. 23-35579

# UNITED STATES CIRCUIT COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OREGON WILD, a nonprofit organization; and WILDEARTH GUARDIANS, a nonprofit organization,

*Plaintiffs and Appellants*

*vs.*

UNITED STATES FOREST SERVICE, MICHAEL RAMSEY, in his official capacity as Lakeview Ranger District Ranger; JEANNETTE WILSON, in her official capacity as Silver Lake Ranger District Ranger; RANDY MOORE, in his official capacity as Chief of the U.S. Forest Service; and THOMAS VILSACK, in his official capacity as Secretary of Agriculture,

*Defendants and Appellees*

APPEAL FROM DENIAL OF MOTION FOR SUMMARY JUDGMENT

By the United States District Court, District of Oregon
Honorable Michael J. McShane, U.S. District Judge

## APPELLANTS' REPLY TO REQUEST FOR JUDICIAL NOTICE

Oliver J. H. Stiefel, OSB # 135436
503-227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
503-525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E Burnside St.
Portland, Oregon 97214

Erin E. Hogan-Freemole, OSB # 212850
971-417-6851
ehoganfreemole@wildearthguardians.org
WILDEARTH GUARDIANS
213 SW Ash Street, Suite 202
Portland, OR 97204

*Attorneys for Plaintiffs-Appellants*

Appellants Oregon Wild and WildEarth Guardians ("Wild") hereby reply to their *Request for Judicial Notice*, ECF15, and respond to Appellees' *Opposition to Appellants' Request for Judicial Notice*, ECF19.

Wild seeks judicial notice of three documents prepared by Appellee U.S. Forest Service, submitted as Exhibits 1–3 of Wild's Opening Brief and included in the Excerpt of Record at 2-ER-241–43, 250–54, and 258–62. These exhibits are excerpts from NEPA decision documents approving Forest Service projects under categorical exclusions ("CEs") pursuant to 36 C.F.R. § 220.6(e)(6) and 36 C.F.R. § 220.6(e)(12). As publicly available government documents, they are judicially noticeable under Federal Rule of Evidence 201(b): their existence and content are "not subject to reasonable dispute because [they] * * * can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Notably, Appellees do not dispute that the documents at issue fit the standards imposed by Rule 201—indeed, Appellees never cite the rule governing judicial notice, much less engage with its text. Appellees instead confuse judicial notice with supplementation of the record, seeking to engraft inapplicable requirements onto the judicial notice inquiry. But this Court routinely takes judicial notice of government documents of the sort Wild submits here without reference to the standards for supplementing an administrative record.

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—1

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

**I.      Judicial Notice and Record Supplementation are Distinct Pathways.**

Appellees' arguments are based on an erroneous conflation of record supplementation and judicial notice which undermines the core functions of the latter. Further, under Appellees' theory, judicial notice would never be available in administrative record cases—and rarely, if ever, in any appellate cases. Appellees' interpretation cannot be squared with the text of Rule 201 or this Court's well-established precedent.

Appellees first complain that Wild should have included the NEPA decision documents in their comments on the Projects or as a supplement to the administrative record, but this argument directly conflicts with the purpose of Rule 201. Judicial notice necessarily applies only to documents or information absent from the record.

Contrary to Appellees' assertions, Rule 201 is not limited to newly created or post-decisional documents. There are many instances where an issue, for which additional documents are subsequently introduced via judicial notice, does not arise until it is raised in litigation—such as in the context of an affirmative defense. A rule requiring a party to use a crystal ball at the administrative stage and preemptively seek to include any document that might later become relevant during potential litigation would prove burdensome and inefficient for both agencies and the public.

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—2

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

Here, in addition to providing context for the issues before this Court, the documents are specifically relevant to Appellees' affirmative defense that Wild's second cause of action is barred by the statute of limitations. *See infra* pp. 8–9; ECF15 2–4. It is therefore proper for this Court to take notice of them regardless of whether they could, theoretically, have been submitted to the agency.

More fundamentally, if any request for judicial notice could be defeated on grounds that the documents should have been included in the existing record, Rule 201 would never apply in record-review cases. This is simply not the law. *See infra* pp. 6–7.

Appellees assert that Wild's request for judicial review should be treated as a motion to supplement the record, seeking to engraft the requirements of the latter onto the former. *See* ECF 19 at 3–4. But these are two different pathways, appropriate for different types of documents and entailing different inquiries.

Record supplementation is generally the pathway to use when the record is alleged to be incomplete—that is, when the record omitted documents on which the agency did rely or arguably should have relied in making its decision, or when additional information is necessary for the court to fully understand the record. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).[1]

---

[1] Even if Wild were required to fit the records under a *Lands Council* exception, this would not be an onerous burden. While courts are not permitted to reach outside the administrative record to judge the wisdom of the agency's

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—3

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

Judicial notice, in contrast, is appropriate for information or documents that are not part of the record, but that are admissible because their accuracy cannot reasonably be questioned, and which are helpful for the court to resolve the matter. *Cf. Singh v. Ashcroft*, 393 F.3d 903, 906 (9th Cir. 2004) ("Every case 'involves the use of hundreds or thousands of non-evidence facts.' * * * A court could not function if it had to depend on proof in the record of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'") (quoting Rule 201 advisory committee's note). Judicial notice thus entails an entirely different inquiry than record supplementation. *See Lotus Vaping Techs., LLC v. U.S. Food & Drug Admin.*, 73 F.4th 657, 675–76, n.15 (9th Cir. 2023) (holding supplementation of administrative record improper but taking judicial notice of "published materials representing the considered views of the [agency]"); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th

---

decision, extra-record materials may be used to help a court develop sufficient context to understand the issues before it and evaluate the integrity of the agency's decision. *See Envt'l Def. Fund v. Costle*, 657 F.2d 275, 286 n.36 (D.C. Cir. 1981) (stating supplementation is appropriate to "explain the record where a failure to do so might frustrate effective judicial review"); *Ass'n of Pac. Fisheries v. E.P.A.*, 615 F.2d 794, 811 (9th Cir. 1980) (considering post-decisional materials "in order better to understand the issues before [the court]"); *Bold All. v. U.S. Dep't of the Interior*, 572 F. Supp. 3d 943, 948–49 (D. Mont. 2020) (considering extra-record documents for "context * * * necessary to provide adequate judicial review"). This is the purpose for which Wild submits the documents at issue: to provide necessary context for the Forest Service's use of CE-6 and the timeliness of Wild's challenge, and to clarify the supplemental documents submitted by the Forest Service. *See infra* pp. 8–9 n.5.

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—4

Cir. 1987) (considering documents not in compliance with standards for supplementing record but subject to judicial notice); *cf. W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1042 n.2 (9th Cir. 2013) (conducting separate analyses for supplementation of administrative record and judicial notice). The relevant issue for judicial notice is not whether the documents at issue should be in the record, but whether their authenticity and accuracy are sufficiently reliable.

Unlike the contents of an administrative record, only specific types of documents are judicially noticeable. Pursuant to Rule 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it * * * can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[2] Under this provision, courts routinely take notice of information "made publicly available by government entities," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); "official information posted on a governmental website, the accuracy of which [is] undisputed," *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (citations omitted); "agency report[s]," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018); "public documents," *ONDA*, 625 F.3d at n.14; and "other

---

[2] Indeed, the court "**must** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added); *see also id.*, advisory committee's note to 1972 proposed rules (stating that this subsection makes judicial notice "mandatory" when it applies); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (same).

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—5

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

undisputed matters of public record," *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004).

While a court may take judicial notice of undisputed matters of public record, it "cannot take judicial notice of disputed facts contained in such public records. * * * Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Thus, a court may take judicial notice only of a document's existence and of undisputed facts contained therein that "can be accurately and readily determined" from the document. *Khoja*, 899 F.3d at 1001 (quoting Rule 201(b)(2)). This constraint allows the court to properly notice any appropriate document for at least limited purposes.

Contrary to Appellees' assertions, the judicial notice provisions apply equally in record-review cases—Rule 201 contains no special carve-out for administrative law. This Court routinely takes judicial notice of public records when reviewing agency decisions under the Administrative Procedure Act. *See, e.g.*, *Lotus Vaping Techs.*, 73 F.4th at 675–76 (taking notice of agency's press releases and internal memoranda); *Safer Chemicals, Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 420 n.13 (9th Cir. 2019) (taking notice of agency's scoping documents for use of chemical substance); *Dine Citizens Against Ruining*

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—6

Crag Law Center
3141 E Burnside St.
Portland, OR 97214
Tel. (503) 227-2212

*Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 848 n.1 (9th Cir. 2019) (taking notice of multiple NEPA documents); *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1153 n.3 (9th Cir. 2017) (taking notice of compact allocating water rights); *Sierra Club v. U.S. E.P.A.*, 762 F.3d 971, 975 n.1 (9th Cir. 2014) (taking notice of agency's public guidance on air quality); *Ctr. for Env't L. & Pol'y*, 655 F.3d at n.5 (taking notice of EIS); *ONDA*, 625 F.3d at n.14 (taking notice of agency's NEPA handbook); *cf. Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1179 (9th Cir. 2011) (stating court would take notice of EAs). Appellees did not acknowledge any of these precedential cases, where the Court did not apply the *Lands Council* standard for record supplementation to a request for judicial notice.[3]

---

[3] In contrast, Appellees rely primarily on non-precedential or inapplicable cases. *Delgadillo v. Kijakazi*, No. 20-56211, 2022 WL 301548 (9th Cir. Feb. 1, 2022) is an unpublished memorandum opinion. *Alliance for the Wild Rockies v. Zinke*, 265 F. Supp. 3d 1161 (D. Mont. 2017), is a district court case. *Murakami v. United States*, 398 F.3d 1342 (Fed. Cir. 2005), is from another circuit. Neither *Fence Creek Cattle Co. v. U.S. Forest Service*, 602 F.3d 1125 (9th Cir. 2010), nor *Lands Council*, 395 F.3d at 1030, concern judicial notice. *Theodore Roosevelt Conservation Partnership v. Salazar*, 616 F.3d 497 (D.C. Cir. 2010), is from another circuit **and** does not concern judicial notice. This persuasive authority fails to persuade. *See United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996) (declining to examine other circuits' cases in conflict with this Court's precedent).

The two relevant, precedential cases Appellees do cite refer to the general proposition that record-review cases are typically limited to the record, but they must be read in the context of the many on-point cases in which this Court has held judicial notice to be appropriate, not—as Appellees insist—as a blanket rejection of judicial notice in this context. *See Compassion Over Killing v. U.S. Food & Drug Administration*, 849 F.3d 849, 852 n.1 (9th Cir. 2017); *Bear Valley Mut. Water Co. v. Jewell*, 790 F.3d 977, 986 n.2 (9th Cir. 2015).

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—7

Crag Law Center
3141 E Burnside St.
Portland, OR 97214
Tel. (503) 227-2212

Appellees' insistence that the Court do so here improperly collapses these separate inquiries.

## II. Judicial Notice is Appropriate Here.

The documents at issue fit squarely within the provisions of Rule 201—a point that Appellees do not contest. They are NEPA decision documents produced by the Forest Service and made publicly available on Forest Service websites. As such, their existence and contents are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(b)(2). Appellees do not dispute the records' authenticity or the accuracy of the information therein. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015) ("It is appropriate to take judicial notice of this information, as it was made publicly available by [the agency], and neither party disputes the authenticity of the [documents] or the accuracy of the information displayed therein.") (quoting *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)).

Additionally, the purposes for which the documents are proffered are appropriate under Rule 201. Wild requests that this Court take notice of the existence and content of these NEPA decision documents, not the truth of the matters asserted therein. *See Lee*, 250 F.3d at 689–90. As stated in Wild's *Request for Judicial Notice*, ECF15, the documents illustrate how the Forest Service

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—8

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

historically employed CE-6 and other silviculture CEs. This is relevant because it sheds light on the Forest Service's historical interpretation of which logging projects do not "individually or cumulatively have a significant effect on the human environment." 40 C.F.R. § 1508.4 (2019). The documents also support Wild's position that it could not have challenged CE-6 as applied to commercial logging until 2021, and provide important clarifying context for the issues raised in this case.

The relevant facts—when the documents were signed, which activities they authorized, and what legal authorities they invoked—can be "accurately and readily determined from" the NEPA decision documents and are thus "verifiable with certainty" and appropriate for judicial notice. *Khoja*, 899 F.3d at 1001.[4] They are relevant to Wild's claims and the proper resolution of this case.

///

///

---

[4] The record lodged with the District Court contained a number of other NEPA decision documents "authorizing projects not at issue in this case," Resp. at 2, one of which was added months after the record was closed. *See* 2-ER-228–32 (Tecuya Ridge Shaded Fuelbreak Project Decision Memo), 237–40 (Cuddy Valley Forest Health-Fuels Reduction Project Decision Memo), 255–57 (Cordovas Restoration Thinning and Prescribed Fire Project Decision Memo), 280–285 (Jack Creek and Rock Creek Meadows Fuel Reduction and Meadow Restoration Project); 3-ER-385–90 (docket report). None of these documents were referenced by the agency in its decisionmaking process for the three Projects at issue. Defendants below never explained why these documents were appropriate for judicial review but those proffered by Wild were not.

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—9

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

## III. Conclusion

Wild respectfully requests that this Court take judicial notice of Exhibits 1, 2, and 3 under Federal Rule of Evidence 201(b)(2). Judicial notice of these agency-created, public documents is appropriate and in line with this Court's precedent.

Dated this 22nd day of December, 2023.

Respectfully submitted,

s/ Erin Hogan-Freemole
Erin E. Hogan-Freemole, OSB # 212850
971-417-6851 │ ehoganfreemole@wildearthguardians.org
WILDEARTH GUARDIANS
213 SW Ash St., Ste. 202
Portland, Oregon 97204

Oliver J. H. Stiefel, OSB # 135436
503-227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
503-525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214

*Attorneys for Appellants*

REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE—10

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

## CERTIFICATE OF COMPLIANCE

1. The foregoing reply is subject to the volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C). Excluding the caption and certificate of compliance, this document contains 2,482 words.

2. This document complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E)(1) because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

    <u>s/ Erin Hogan-Freemole</u>
    Erin Hogan-Freemole
    WildEarth Guardians

    *Of Attorneys for Appellants*