June 3, 2024

**VIA ELECTRONIC FILING**

> **Re:**   ***Oregon Wild, et al. v. U.S. Forest Service, et al.***, **No. 23-35579,**
> **Notice of Supplemental Authority, Fed. R. App. P. 28(j), CR 28-6**

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Dear Ms. Dwyer,

I write on behalf of Appellants Oregon Wild and WildEarth Guardians to inform this Court of pertinent and significant new authority. Fed. R. App. P. 28(j).

On May 21, 2024, in *Friends of the Inyo, et al. v. U.S. Forest Service, et al.*, No. 23-15492 (Exhibit 1), this Court held that the Forest Service violated the National Environmental Policy Act ("NEPA") by authorizing a project using two categorical exclusions ("CEs") where neither could cover the proposed action alone. Slip Op. at *6–10 (discussing 36 C.F.R. § 220.6). This Court's discussion of the "text, structure, history, and purpose" of the Forest Service's CE regulations has important implications for the instant case.

This Court emphasized NEPA's underlying purpose, explaining that CEs are designed to streamline the environmental review process for activities that have "been found to have little to no effect on the environment." Slip Op. at *23. Combining or multiplying such activities may cause unknown and unexamined significant impacts—precisely the outcome NEPA seeks to prevent. *See id*. And "when an agency applies CEs in a way that circumvents NEPA's procedural requirements and renders the environmental impact of a proposed action unknown, the purpose of the exclusions is undermined." *Id*.

While this case presents different legal questions, Appellants likewise argue that the Forest Service asserts "a view of categorical exclusions that will swallow the protections of NEPA." *Id*. at *25. Here, the Forest Service has approved 29,000 acres of commercial logging in a manner that conflicts with the text, history,

structure, and purpose of CEs and of NEPA.[1] The agency never found that this scale of logging has no significant environmental effect; the projects' impacts are thus unknown, and applying a CE inappropriate. *See id.* at *23–25. NEPA permits the agency to categorically exclude only activities that have "been found to have little to no effect on the environment," *id.* at *23; applying a CE to evade environmental review of such massive projects flatly contradicts NEPA's purpose.

Sincerely,

s/ Oliver Stiefel
Oliver Stiefel
Crag Law Center

*Of Attorneys for Appellants Oregon Wild and WildEarth Guardians*

Cc: Counsel of Record (via CM/ECF)

---

[1] *Friends of the Inyo* concerned a 0.82-acre project. *Id*. at *8.