No. 23-35579
Scheduled for Oral Argument Sept. 11, 2024

July 9, 2024
**VIA ELECTRONIC FILING**

  Re: *Fischer v. United States*, No. 23-5572 (U.S. June 28, 2024): Notice of Supplemental Authority, Fed. R. App. P. 28(j), CR 28-6

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Dear Ms. Dwyer,

  I write on behalf of Appellants Oregon Wild and WildEarth Guardians to inform this Court of pertinent and significant new authority. FED. R. APP. P. 28(j).

  On June 28, 2024 the Supreme Court issued its opinion in *Fischer v. United States*, No. 23-5572 (U.S. June 28, 2024) (Exhibit 1), in which the Court interpreted the term "otherwise" in the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1512(c)(1), as it pertains to the types of obstructive conduct made criminal by that statute. *Fischer* at *3.

  To resolve the issue, the Court engaged in a context-forward statutory interpretation exercise. *Id.* at *3–4. The Court rejected an "unbounded" interpretation of Section 1512(c)(1) that would "render superfluous" other statutory provisions. *Id.* at *11. Instead, the Court relied on the specific context of the relevant provisions, *id.* at *4–9, the statutory history, *id.* at 9–10, and the broader context of the statute as a whole. *Id.* at *10–11. Ultimately, while the government's "all-encompassing interpretation may be literally plausible," it was "inconsistent with the context from which the statute arose." *Id.* at *16 (citation omitted). Thus, the Court limited the reach of "otherwise" in light of its use in an evidence-focused statute—as opposed to a "one-size-fits all solution to obstruction of justice." *Id.* at *15.

  *Fischer* is relevant to the resolution of Issue 1 here, in which Wild asks this Court, in interpreting 36 C.F.R. § 220.6(e)(6) ("CE-6"), to look broadly at the text,

structure, purpose, and history of CE-6 and the CE regime—rather than fixating on a single term within one of CE-6's examples. As *Fischer* demonstrates, context is key to unlocking whether CE-6 covers the scale of commercial logging operations authorized by the Projects. Perhaps most significantly, the Forest Service "would not go to the trouble of spelling out" other CE's that authorize limited commercial logging operations if CE-6 simply "swallowed [them] up." *Fischer* at *7. CEs 12, 13, 14, and 25 would be "elaborate pumpfake[s]"; CE-6 would "largely obviate the need" for any other CE. *Id.* at *8; *see* Reply at 6–8.

                          Sincerely,

                          s/ Oliver Stiefel
                          Oliver Stiefel
                          Crag Law Center

                          *Of Attorneys for Appellants Oregon Wild*
                          *and WildEarth Guardians*

Cc: Counsel of Record (via CM/ECF)